UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
                                                       :

UNITED STATES OF AMERICA
                                                     :    CONSENT PRELIMINARY ORDER
       - v. -                                             OF FORFEITURE/
                                                     :    <u>MONEY JUDGMENT</u>
JUSTICE JACKSON,
    a/k/a "Tweak,"                           :    22 Cr. 641 (PMH)

                Defendant.             :
---------------------------------- x

        WHEREAS, on or about November 29, 2022, JUSTICE JACKSON, a/k/a "Tweak," (the "Defendant"), was charged, among others, in nine counts of a fifteen-count Indictment, 22 Cr. 641 (PMH) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(d) and 1963 (Count One); attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2 (Count Two); discharge of a firearm in connection with a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2 (Counts Three and Five); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Four and Twelve); brandishing a firearm in connection with a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2 (Count Thirteen); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Fourteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Fifteen);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1962, any and all interests the Defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and

property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about December 1, 2023 the Defendant pled guilty to Counts One and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, a sum of money representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $50,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; for which the Defendant is jointly and severally liable with his co-defendants, Jeremy Williams, Randy Jones, James White, Paul Ayala, Messiah Jackson, Octavious Griffin, Markell Williams, Tyrell Simon, Joshua Hendrick, Elijah Briggs, Shamell Williams, Thomas Rodriguez, and Marcus Cardona (the "Co-Defendants") to the extent forfeiture money judgments are entered against the Co-Defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Jennifer N. Ong, Ryan W. Allison, and Margaret N. Vasu, of counsel, and the Defendant, and his counsel, Daniel Hochheiser, Esq. that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $50,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JUSTICE JACKSON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  5/28/24
JENNIFER N. ONG                     DATE
RYAN W. ALLISON
MARGARET N. VASU
Assistant United States Attorneys
50 Main Street, Suite 1100
White Plains, NY 10606
(914) 993-1900


JUSTICE JACKSON

By: _____  5-28-24
JUSTICE JACKSON                     DATE

By: _____  5-28-24
Daniel Hochheiser, Esq.             DATE
Attorney for Defendant


SO ORDERED:

_____  5/28/24
HONORABLE PHILIP M. HALPERN     DATE
UNITED STATES DISTRICT JUDGE